# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SCRIPT SECURITY SOLUTIONS L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> LOGITECH INC. <br><br> Defendant. | CIVIL ACTION NO. 2:16-cv-01400 <br> **(Consolidated Lead Case)** <br><br> COMPLAINT FOR PATENT INFRINGEMENT <br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Script Security Solutions, L.L.C. ("Script") files this first amended complaint against Logitech Inc. ("Defendant" or "Logitech"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1.  Script is a corporation formed under the laws of the State of Texas, with a registered office in Austin, Texas.

2.  Defendant Logitech is a corporation organized under the laws of the state of Delaware. Defendant can be served with process by serving its registered agent: CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3.  This is an action for infringement of two United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and §1338(a).

1

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant has transacted business in this district and has committed, by itself or in concert with others, acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,542,078

6. On April 1, 2003, United States Patent No. 6,542,078 ("the 078 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Portable Motion Detector and Alarm System and Method."

7. Script is the owner of the 078 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 078 patent against infringers, and to collect damages for all relevant times.

8. Defendant made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including its Circle camera systems identified at http://www.logitech.com/en-us/product/circle (the "accused products"). By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the 078 patent. Defendant's infringement in this regard is ongoing.

9. Logitech has infringed the 078 Patent by making, having made, using, importing, providing, supplying, distributing, selling or offering for sale systems for detecting the

movement of an object and providing information relative to said movement to a remote location.

10. The accused products include an object whose movement is to be detected.

11. The accused products include a detector adapted to detect movement of said object and provide an indication of said movement.

12. The accused products include a first transmitter associated with said detector and adapted to wirelessly transmit a predetermined signal in response to said indication.

13. The accused products include an information gathering device adapted to receive said predetermined signal, to gather information relating to said movement and to transmit said information.

14. The accused products include a remote notification device adapted to receive said information from said information gathering device, to establish data communication with a remote host, and to provide said information to said remote host.

15. Script has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Script in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Script and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the 078 patent.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,828,909

17. On December 7, 2004, United States Patent No. 6,828,909 ("the 909 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Portable Motion Detector and Alarm System and Method."

18. Script is the owner of the 909 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 909 patent against infringers, and to collect damages for all relevant times.

19. Defendant made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including its Circle camera systems identified at http://www.logitech.com/en-us/product/circl (the "accused products"). By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the 909 patent. Defendant's infringement in this regard is ongoing.

20. Logitech has infringed the 909 Patent by making, having made, using, importing, providing, supplying, distributing, selling or offering for sale portable security alarm systems for detecting the movement of an object and providing information relative to said movement.

21. Logitech advertises the portability of its security systems on its website.



http://www.logitech.com/en-us/product/circle/page/how-it-works

22. The accused products include a motion sensor adapted to detect movement of an object and provide an indication of said movement including a unique identifier associated with said sensor.

23. The accused products include a transmitter associated with said sensor and adapted to wirelessly transmit a predetermined signal containing said indication.

24. The accused products include a local receiver at or near the site of the object adapted to receive said predetermined signal, to process said unique identifier for local or remote conversion to associated object identification information that identifies said object, and to visually or audibly output said object identification information.

25. Script has been damaged as a result of the infringing conduct by defendant alleged above. Thus, Defendant is liable to Script in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

26. Script and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the 909 patent.

## ADDITIONAL ALLEGATIONS REGARDING DIRECT INFRINGEMENT

27. Defendant has also directly infringed the 078 and 909 and patents by forming a joint enterprise with customers. Defendant forms a joint enterprise with its customers by entering into a contract with the customer, instructing the customer on how to install the accused products, instructing customers on how to use the accused products, and conditioning receipt of monitoring services upon various activities by the customer.

28. Defendant has also directly infringed the 078 and 909 patents by forming a joint enterprise with interactive service providers in order to provide the accused products to

Defendant's customers.  Defendant forms a joint enterprise with the interactive service providers by entering into a contract with the interactive service providers and instructing the interactive service providers regarding the various services provided to Defendant's customers.

29.     Defendant has also directly infringed the 078 and 909 patents by exercising direction or control over the interactive service providers and its customers.  When Defendant contracts with the customer to provide security systems and services, contracts with the interactive services provider for the provision of interactive services to the customers, and provides security services to its customers, Defendant is putting the accused products into service, controlling the accused products as a whole and obtaining a benefit from the accused products by receiving a fee for providing the security system and services.

### **ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT**

30.     Defendant has also indirectly infringed the 078 and 909 patents by inducing others to directly infringe the 078 and 909 patents.  Defendant has induced the end-users to directly infringe (literally and/or under the doctrine of equivalents) the 078 and 909 patents by using the accused products.  Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 078 and 909 patents.  Such steps by Defendant included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner.  Additionally, Defendant provides services that notify users remotely when an alarm that detects motion (including motion of a window or door) is triggered.  This induces end-users

to use the accused products in a manner that infringes the 078 and 909 patents. Defendant's inducement is ongoing.

31. Defendant has also indirectly infringed by contributing to the infringement of the 078 and 909 patents. Defendant has contributed to the direct infringement of the 078 and 909 patents by the end-user of the accused products. The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 078 and 909 patents. The special features of the 078 patent include providing information to a remote host in a manner that infringes the 078 patent. The special features constitute a material part of the invention of one or more of the claims of the 078 patent and are not staple articles of commerce suitable for substantial non-infringing use. The special features of the 909 patent include a unique identifier associated with a motion sensor in a manner that infringes the 909 patent. The special features constitute a material part of the invention of one or more of the claims of the 909 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

32. Defendant has had knowledge of the 078 and 909 patents at least as of the date when it was notified of the filing of this action.

33. Defendant has acted with at least reckless disregard as to the risk of infringing Script's patents.

34. Defendant's direct and indirect infringement of the 078 and 909 patents is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Script's rights under the patent.

35. Script has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Script in an amount that adequately compensates it

for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

36. Script and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## ALLEGATIONS RELATING TO ALARM.COM

37. Pursuant to Section 3.5 of the Non-Exclusive Patent License and Settlement Agreement with Alarm.com Holdings, Inc., Script does not assert any claims that are covered by said agreement.

## JURY DEMAND

Script hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Script requests that the Court find in its favor and against Defendant, and that the Court grant Script the following relief:

a. Judgment that one or more claims of the 078 and 909 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or all others acting in concert therewith;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the 078 and 909 patents;

c. Judgment that Defendant accounts for and pays to Script all damages to and costs incurred by Script because of Defendant's infringing activities and other conduct complained of herein;

d. That Script be granted pre-judgment and post-judgment interest on the damages

caused by Defendant's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award Script its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That Script be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: May 9, 2017                              Respectfully submitted,

/s/ *Zachariah S. Harrington*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Sarah J. Ring
THE RING LAW FIRM, PLLC
Texas Bar No. 24056213
sring@ringipfirm.com
9654 C Katy Frwy., Box 263
Houston, Texas 77055
Telephone: (281) 772-6541

Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue

Gladewater, Texas  75647
Telephone: (903) 845-5770

*Attorneys for Script Security Solutions L.L.C.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of May 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Zachariah S. Harrington*
Zachariah S. Harrington
